UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SFRH TAMPA HOLDING LP,

     Plaintiff,

v.                                          CASE NO. 8:15-cv-2349-T-23AEP

MELODY HARRIS, et al.,

     Defendants.

_____/

## **ORDER**

    SFRH Tampa Holding LP sued (Doc. 2) in state court to evict Melody Harris and Charles Castleberry for failure to pay rent.  Removing (Doc. 1) the action, Harris argues that the plaintiff "has actually filed a Federal Question Action" because the defendants "are members of a protected class" under "the Civil Rights Act of 1968." (Doc. 1 at 2, 3)  Harris states that she "had no problems with the prior management company but with the new company, Defendant feels she is being dealt with in a prejudicial way."  (Doc. 1 at 2)

    Ordinarily, a "case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint."  *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citation omitted).  The complaint, which seeks to evict tenants under state law, presents no issue of federal law.  (*See* Doc. 2)  An "exception to the well-pleaded complaint rule exists, however, in 28 U.S.C. § 1443

for certain civil rights actions."[*] *Rogers v. Rucker*, 835 F. Supp. 1410, 1412 (N.D. Ga. 1993) (O'Kelley, J.).  To remove under Section 1443(1), a defendant "must demonstrate both . . . that he is being deprived of rights guaranteed by a federal law providing for . . . equal civil rights; and . . . that he is denied or cannot enforce that right in the courts of the state." *TCIF REO CIT, LLC v. Gray*, 346 Fed. Appx. 763, 766 (3d Cir. 2009) (per curiam) (quotation marks omitted).

As the removing defendant, Harris fails to bear her "burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).  Although Harris "feels she is being dealt with in a prejudicial way" (Doc. 1 at 2), Harris fails to explain (1) how SFRH Tampa Holding LP deprived Harris of her civil rights and (2) why Harris cannot enforce her rights in state court. Thus, Section 1443(1) provides no basis for removal.

Under 28 U.S.C. § 1447(c), this action is **REMANDED** for failure of the removing party to invoke federal jurisdiction.  *See Kam Hon, Inc. v. Cigna Fire Underwriters Ins. Co.*, 933 F. Supp. 1060, 1062 (M.D. Fla. 1996) (Conway, J.)  ("A district court clearly has the power to *sua sponte* remand a case for lack of subject matter jurisdiction.").  The clerk is directed (1) to mail, as required by Section

---

[*] Section 1443(1) states:

> Any of the following civil actions . . . commenced in a State court may be removed . . . :
>
> > . . . Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States.

1447(c), a certified copy of this order to the clerk of the Sixth Judicial Circuit Court in Pinellas County, Florida, (2) to terminate any pending motion, and (3) to close the case.

ORDERED in Tampa, Florida, on October 13, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE